IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**SANDRA K. LOWERY**                                                     **PLAINTIFF**

**v.**                                     **CIVIL ACTION # 2:07cv254-KS-MTP**

**UNUM LIFE INSURANCE COMPANY**
**OF AMERICA**                                             **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion for summary judgment [Doc. # 12] filed by the Plaintiff Sandra K. Lowery and the motion for summary judgment [Doc. # 14] filed by the Defendant Unum Life Insurance Company of America. Because the Plaintiff has failed to raise any genuine issue of material fact, and because the plan administrator's decision to deny long term disability benefits was based on substantial evidence, the Plaintiff's motion for summary judgment [Doc. # 12] should be **denied** and the Defendant's motion for summary judgment [Doc. # 14] should be **granted**.

### I. FACTUAL BACKGROUND

This case involves the duties of an insurance company when it pays benefits under a reservation-of-rights. When the insured Plaintiff filed for short and long-term disability benefits, the Defendant insurer paid short term disability benefits under a reservation-of-rights, but later denied a claim for long-term disability benefits. The insured Plaintiff now brings suit against the Defendant insurer, alleging that its decision to pay short-term benefits and deny long-term

1

benefits based on the same contractual language violates the rights of the insured under ERISA.

Sandra K. Lowery was hired as a registered nurse at Wesley Medical Center in Hattiesburg ("Wesley Medical") in May of 2004. Following a brief waiting period, new employees at the hospital were entitled to coverage under both short and long-term disability plans offered by Unum Life Insurance Company of America ("Unum"). Because she was hired by the hospital on May 10, 2004, Lowery became eligible for both short and long-term disability benefits on August 1, 2004.

The plan offered to Wesley Medical employees included a preexisting conditions exclusion. The provision excluded coverage of a condition for which the insured "received medical treatment, consultation, care or services including diagnostic measures, or took prescribed drugs or medicines in the three months just prior to [the] effective date of coverage; and the disability begins in the first twelve months after [the] effective date of coverage." *See* Def.'s Ex. A [Doc. # 16] (Mar. 17, 2008). Based on the terms of the plan, Lowery's preexisting condition period ran from May 1, 2004, to July 31, 2004.

Before she became eligible for disability benefits under the Unum policy, Lowery was injured in an automobile accident on June 3, 2004. She was taken to a hospital emergency room following the accident and received a neck x-ray. Five days after the accident, she was treated by Stephen Harless, M.D., for pain in her ribs and bruises to her breast, chest, knees, and stomach. *See* Def.'s Ex. C [Doc. # 16] (Mar. 17, 2008).

Lowery continued to seek treatment for her injuries for the next several months, including return visits to Dr. Harless on July 8, August 2, August 30, and November 4 of 2004. These visits were to treat various pains and ailments lingering from her June auto accident. Lowery was then

referred to Kerry L. Bernardo, M.D., for a neurological examination and analysis on November 17, 2004. She returned for follow-up visits with Dr. Bernardo on December 20, 2004, and January 10, 2005, each for lingering pain and discomfort radiating from her neck and back.

Lowery filed a claim for short-term disability benefits pursuant to her Unum policy on December 27, 2004. On February 2, 2005, Unum wrote to Lowery and informed her that a claim for short-term disability benefits had been conditionally approved, and that Unum would pay benefits under a reservation-of-rights until a complete preexisting-condition investigation could be completed. Unum paid Lowery the maximum allowable benefits for her short-term disability policy under the reservation-of-rights, with benefits ending on April 30, 2005.

Although Unum paid all of Lowery's benefits for a short-term disability, the company subsequently determined that Lowery's medical condition fell within the preexisting-condition exclusion of both her short and long-term disability policy. The company denied Lowery's claim for long-term disability benefits on May 3, 2005, but did not seek to recoup payments previously made to Lowery under the short-term disability plan. Lowery chose to appeal Unum's decision, and following an independent review, the denial of her claim for long-term disability benefits was upheld. Lowery appealed this decision a second time more than two years later, and her claim was once again denied.

Lowery filed suit against Unum in this Court for disability benefits pursuant to § 502(a) of the Employee Retirement Income Security Act on October 15, 2007. Lowery alleges that Unum has failed to offer a uniform construction of its disability policies to the detriment of its insured. Specifically, Lowery claims that because Unum paid her entire short-term disability claim, the company is bound to pay her long-term disability claim because the relevant

contractual language for each benefit is identical. Lowery further alleges that the administrative record contained insufficient evidence for the plan administrator to deny her long-term disability benefits.

## II. STANDARD OF REVIEW

### 1. Summary Judgment Standard

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To support a motion for summary judgment, "the moving party ... [has] the burden of showing the absence of a genuine issue as to any material fact." *Burleson v. Tex. Dept. of Criminal Justice,* 393 F.3d 577, 589 (5th Cir. 2004). Material facts are those that "could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003) (citations omitted). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party" on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the court views all evidence "in the light most favorable to the non-moving party" and "draw[s] all reasonable inferences in its favor." *Breen v. Texas A&M Univ*., 485 F.3d 325, 331 (5th Cir. 2007). If the movant satisfies its initial burden, then the burden shifts back to the nonmoving party to produce evidence indicating that a genuine issue of material fact exists for each essential element of its case. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246-47 (5th Cir. 2003). The nonmovant is not entitled to merely

rest on her pleadings, but must set forth "specific facts showing there is a genuine issue for trial." *DirecTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). If the nonmovant responds and still "no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

**2. Review of Plan Administrator's Decisions under ERISA**

The Employee Retirement Income Security Act of 1974 ("ERISA") provides federal courts with jurisdiction to review determinations made under employee benefit plans. 29 U.S.C. § 1132(a)(1)(B). Where a benefit plan vests the fiduciary with discretionary authority to determine eligibility for benefits or to construe the terms of the plan, the district court reviews their decisions under an abuse of discretion standard. *Ellis v. Liberty Life Assurance Co.*, 394 F.3d 262, 269 (5th Cir. 2004). This standard of review applies to both an initial denial of benefits as well as a termination of benefits after an initial determination of eligibility. *Matney v. Hartford Life & Accident Ins. Co.*, 172 Fed. Appx. 571, 572 (5th Cir. 2006).

When an insured challenges the plan administrator's interpretation of the plan, the court resolves the dispute through use of a two-step inquiry. *See Rhorer v. Raytheon Engineers and Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir.1999). First, the court "must determine the legally correct interpretation of the plan and whether the administrator's interpretation accords with the proper legal interpretation." *Vercher v. Alexander & Alexander, Inc*., 379 F.3d 222, 227 (5th Cir. 2004). To weigh an interpretation's legality, the court considers "(1) whether a uniform construction of the [plan] has been given by the administrator, (2) whether the interpretation is

fair and reasonable, and (3) whether unanticipated costs will result from a different interpretation of the policy." *Lain v. UNUM Life Ins. Co. of Am.*, 279 F.3d 337, 344 (5th Cir. 2002). If the court determines that the administrator's interpretation is legal, then its inquiry ends. But if the plan was not given a legally correct interpretation by the administrator, the court reviews that incorrect interpretation for an abuse of discretion. *Vercher*, 379 F.3d at 228.

Under the abuse of discretion standard, the court must uphold the administrator's decision if it is supported by substantial evidence and is not arbitrary and capricious. *Matney*, 172 Fed. Appx. at 572; *Ellis*, 394 F.3d at 273. "Substantial evidence" has been defined as "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ellis*, 394 F.3d at 269. In other words, the administrator's decision must "fall somewhere on a continuum of reasonableness–even if on the low end." *Vega v. Nat'l Life Ins. Serv., Inc.*, 188 F.3d 287, 297 (5th Cir. 1999). Nevertheless, the decision to deny benefits must be "based on evidence, even if disputable, that clearly supports the basis for its denial." *Id* at 299. A decision is arbitrary when there is "no rational connection between the known or found facts and the evidence in the record." *Lain v. UNUM Life Ins. Co. of Am.*, 279 F.3d 337, 342 (5th Cir. 2002). The administrator's decision would then be upheld if there is "some concrete evidence in the administrative record." *Vega*, 188 F.3d at 302; *Gooden v. Provident Life & Acc. Ins. Co.*, 250 F.3d 328, 334 (5th Cir. 2001).

### III. APPLICATION AND ANALYSIS

Lowery's suit is based on two separate theories of recovery against Unum. First, Lowery

claims that Unum's decision to approve short-term disability benefits under the policy bound it to pay long-term disability benefits based on identical contractual language. Second, Lowery claims that the administrator's decision constituted an abuse of discretion that this Court should overturn. Based on the discussion contained below, the Court finds both of these theories insufficient to establish a genuine issue of material fact for Lowery's claims to survive summary judgment.

Lowery contends that Unum has wrongfully interpreted its policy contract in an inconsistent manner. She argues that Unum cannot be permitted to pay benefits under the short-term disability policy and then deny benefits under the long-term disability policy when the relevant language for each provision is identical. Despite the fact that Unum paid the short-term disability policy under a reservation-of-rights, Lowery contends that permitting them to now deny her long-term disability plan illegally creates two interpretations of the plan's construction.

Lowery bases her argument on holdings from *Rhorer v. Raytheon Engineers and Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir. 1999), and *Haliburton Co. Benefits Committee v. Graves,* 463 F.3d 360, 378 (5th Cir. 2006). Lowery claims these cases stand for the proposition that insurers cannot implement conflicting interpretations of the same plan to the detriment of their insureds. And because Unum interpreted its short-term disability policy to extend coverage to Lowery, it cannot then interpret its long-term disability policy to bar her from coverage.

Neither case cited by Lowery is applicable to the current facts. In *Rhorer*, the issue was whether a conflict between a plan's summary and the plan itself should bind the insurer to the interpretation more favorable to the insured. *Rhorer v. Raytheon Engineers and Constructors,*

*Inc.*, 181 F.3d 634, 640 (5th Cir. 1999)   Although Lowery reads this to mean that insurers cannot implement inconsistent interpretations of their plans, she has revealed no similar inconsistency in the actions of Unum.  In this case, Unum's written reservation-of-rights removed any ambiguity as to its position when it paid short-term disability benefits to Lowery.  Unum never deviated from this position, nor represented to Lowery that she had qualified for short-term disability benefits free of any further inquiry.

The *Halliburton* case is equally distinguishable on these facts.  That case involved Halliburton's attempt to reduce benefits to certain retirees without reducing benefits of active employees following a merger. *Haliburton Co. Benefits Committee v. Graves,* 463 F.3d 360, 378 (5th Cir. 2006).  Despite a reservation-of-rights clause in the plan document, the appeals court ruled that Halliburton could not strip the retired employees of their benefits because it had previously ceded its right to do so. *Id.*  The instant case involves a reservation-of-rights under entirely different circumstances, and Unum has not waived or bargained away its right to fully investigate Lowery's claim before wholly committing itself to pay it.

Based on the factors identified by the Fifth Circuit in *Lain*, Unum's interpretation of its plan was legally correct.  Although Lowery argues that it was incorrect because it was inconsistent, the facts show this argument to be in error.  Unum undisputably paid Lowery's short-term disability policy under a reservation-of-rights, preserving their right to reach a different conclusion as to their liability after further inquiry.  In addition to reserving this right, Unum essentially waived rights to recoup benefits paid in error when it informed Lowery that it would only seek reimbursement "in the event of failure to cooperate, misrepresentation, and fraud." See Def.'s Reb. Br. at 4 [Doc. # 25] (Apr. 11, 2008).  There is no contention that the letter

was ambiguous, or that Unum violated the terms of their reservation.  As such, Unum never interpreted its plan to mean that Lowery was entitled to any disability benefits based on her medical condition, and hence the company never changed its interpretation when it denied her claim for long-term disability benefits.

Properly utilized, a reservation-of-rights "enable[s] an insurer to meet vigorously and with undivided loyalty its duty [to pay valid claims] while preserving for another time its day in court to determine its obligation under the policy to pay the insured's liability." *See Duke v. Hoch*, 468 F.2d 973, 984 (5th Cir. 1972) (applying Florida law).  Insureds are the biggest beneficiaries of this arrangement, as it accelerates their receipt of benefits and makes them whole sooner than otherwise possible.  Allowing Lowery to transform Unum's reservation-of-rights into a constructive waiver of those same rights would deter insurers from ever paying claims until they were certain of their liability, a result that is improper from both a legal and a policy perspective.

Outside of her claim that Unum has illegally interpreted the plan, Lowery argues that the administrator's decision to deny her long-term disability benefits was an abuse of discretion.  Considering the entire administrative record, the Court concludes that the plan administrator's decision easily falls within the continuum of reasonableness identified by the Fifth Circuit in *Vega*.  The evidence supports the administrator's conclusion that the genesis of Lowery's medical condition and subsequent disability was her auto accident of June 3, 2004, a condition for which she sought treatment within and subsequent to her preexisting condition period.  This evidence includes: (1) emergency room records that indicate Lowery was treated for neck and chest pain, and received a neck x-ray, immediately after the accident; (2) the report of Dr. Harless

stating that Lowery was experiencing "neck, shoulder, and back pain" five days after her "motor vehicle accident"; (3) the July 8, August 2, and August 30, 2004, reports of Dr. Harless detailing a continuation of the same symptoms; (4) the November 17, 2004, report of Dr. Bernardo, reporting neck pain, headache, and lower back pain, "all symptoms being present since shortly after an automobile accident that occurred on June 3rd of this year"; and (5) the December 20, 2004, report by Dr. Bernardo detailing treatment for the same symptoms.  In short, there was substantial evidence to support the plan administrator's conclusion that Lowery's injury was a preexisting condition, and hence excluded from coverage under her long-term disability policy.

### IV.  CONCLUSION

Unum cannot be punished merely because it chose to pay a claim under a reservation-of-rights before its investigation was complete.  Because it never made a final determination that Lowery was entitled to receive short-term disability benefits, the company's decision to deny her long-term disability benefits was not inconsistent, and hence not legally suspect.  Moreover, the evidence in the record easily meets this Court's abuse of discretion review for decisions made by the plan administrator, as the myriad of medical reports indicate that the genesis of Lowery's medical condition was an automobile accident for which she sought treatment within the preexisting condition period.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the motion for summary judgment [Doc. # 12] should be **denied** and the motion for summary judgment [Doc. # 14] should be **granted**.

SO ORDERED AND ADJUDGED on this, the 18th day of April, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE